1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KHALIQ ABDUL AS SALAAM,                     No.  2:25-cv-2919-DC-CKD (PS)

12                          Plaintiff,

13            v.                                   ORDER

14    UNITED STATES OF AMERICA, et al.,

15                          Defendants.

16

17          Plaintiff proceeds without counsel[1] and seeks to proceed in forma pauperis. Plaintiff's

18    declaration in support of the request to proceed in forma pauperis makes the showing required by

19    28 U.S.C. § 1915 and is granted. However, the complaint fails to state a claim and must be

20    dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the date of

21    this order.

22    **I.      Screening Requirement**

23          Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

24    proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

25    claim on which relief may be granted," or "seeks monetary relief against a defendant who is

26    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

27

28    [1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local
      Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

                                                      1

1   (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

2   See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

3   **II.      Plaintiff's Allegations**

4          On August 25, 2005, in Sacramento, California, FBI agents seized plaintiff's personal

5   property including a laptop, camera, electronics, and personal documents. (ECF No. 1 at 2.)

6   Plaintiff was convicted in 2013, but the conviction was overturned in 2016. (Id.) Despite reversal

7   of the conviction, the FBI retained plaintiff's property until a letter dated September 3, 2025 gave

8   him 30 days to retrieve the property or face forfeiture. (Id.) Plaintiff filed an administrative claim

9   for damages which was denied. (Id. at 2, 4.)

10          Defendants are the United States of America, the Federal Bureau of Investigation ("FBI"),

11   and unknown FBI agents. (ECF No. 1 at 1.) Plaintiff alleges unlawful seizure and continued

12   detention of his property and seeks damages and return of property. (Id. at 3.) He seeks to proceed

13   under the Federal Tort Claims Act, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971),

14   and Rule 41(g) of the Federal Rules of Criminal Procedure. (Id. at 2.)

15   **III.    Discussion**

16          The United States and FBI are immune from suit except where the United States has

17   expressly waived its right to sovereign immunity. United States v. Mitchell, 463 U.S. 206, 212

18   (1983); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). "The FTCA waives sovereign

19   immunity for claims against the federal government arising from torts committed by federal

20   employees." Foster v. United States, 522 F.3d 1071, 1074 (9th Cir. 2008) (citing 28 U.S.C. §

21   1346(b)(1)). Under the FTCA, the United States shall be liable "for injury or loss of property, or

22   personal injury or death caused by the negligent or wrongful act or omission of any employee of

23   the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

24          There is an exception to the FTCA for claims arising out of "detention of goods[.]" See 28

25   U.S.C. § 2680(c). Thus, the United States does not waive sovereign immunity for claims arising

26   out of the detention of any goods, merchandise, or other property by any law enforcement officer,

27   unless the property was seized solely for the purpose of forfeiture and four specified criteria are

28   satisfied. See Foster, 522 F.3d at 1075. The "detention of goods" exception is interpreted broadly,

1    id. at 1074, and applies to claims based on intentional conduct as well as arising out of negligent

2    handling or storage of detained property, Kosak v. United States, 465 U.S. 848, 854 (1984).

3          Here, plaintiff's FTCA claim arises from the detention of his property which was not

4    alleged to have been seized solely for the purpose of forfeiture. Plaintiff's FTCA claim falls

5    within the "detention of goods" exception. Thus, the court lacks subject matter jurisdiction.

6          The complaint also fails to state a Bivens claim. See Bivens v. Six Unknown Named

7    Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395 (1971). Plaintiff makes no specific

8    allegations about the conduct of any federal individual actors. The Supreme Court has declined to

9    extend the right of action implied in Bivens to permit a claim against a federal agency or entity

10   for damages arising from violation of an individual's constitutional rights. F.D.I.C. v. Meyer, 510

11   U.S. 471, 484-86 (1994). As to the unknown FBI agents, the complaint does not state a claim

12   because it lacks individualized allegations about the conduct of these defendants. Ashcroft v.

13   Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983

14   suits, a plaintiff must plead that each Government-official defendant, through the official's own

15   individual actions, has violated the Constitution.").

16         That leaves plaintiff's claim for equitable relief under Rule 41(g) of the Federal Rules of

17   Civil Procedure, which is presented both in the complaint and a separately filed motion. Under

18   Rule 41(g),[2] a "person aggrieved by an unlawful search and seizure of property or by the

19   deprivation of property may move for the property's return." Fed. Crim. P. 41(g). Such a claim is

20   treated as a civil equitable proceeding even when brought as a motion. Goodman v. United States,

21   369 F.2d 166, 168 (9th Cir. 1966); see also Ordonez v. United States, 680 F.3d 1135, 1139 (9th

22   Cir. 2012) (noting the rule provides only for the return of property and not money damages).

23         Civil equitable relief under Rule 41(g) of the Federal Rules of Criminal Procedure is not

24   available where the claimant could have pursued the return of property in the context of a judicial

25   or administrative forfeiture proceeding of which the claimant received adequate notice. United

26   States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) ("where a claimant has received adequate

27

28   [2] Fed R. Crim. P. Rule 41(g) was formerly Rule 41(e). See United States v. Hayes, 385 F.3d
     1226, 1229 n. 4 (9th Cir. 2004).

1    notice of an earlier administrative forfeiture proceeding, and thus has had an adequate remedy at

2    law, the district court should deny a subsequent Rule 41(e) motion"); Ivy v. Fresno Police Dep't,

3    No. 1:23-CV-01072-ADA-SAB, 2023 WL 7130659, at *8 (E.D. Cal. Oct. 30, 2023), report and

4    recommendation adopted sub nom. Ivy v. Fresno Police Dep't Officers, No. 1:23-CV-01072-

5    KES-SAB, 2025 WL 1680177 (E.D. Cal. June 16, 2025) (rejecting 41(g) claim where the plaintiff

6    was apparently notified of adequate legal remedy in the form of forfeiture proceedings).

7         Here, the complaint alleges plaintiff received a letter giving him 30 days to retrieve the

8    property or face forfeiture. A Rule 41(g) proceeding is unavailable because plaintiff either has or

9    had an adequate legal remedy. See United States v. Clagett, 3 F.3d 1355, 1356 n. 1 (9th Cir.

10   1993) ("if notice was adequate the forfeiture proceeding provided an adequate legal remedy and

11   [claimant] will not be entitled to equitable relief."); United States v. Price, 914 F.2d 1507, 1511

12   (D.C. Cir. 1990) (holding a Rule 41(g) motion cannot be used to collaterally attack an

13   administrative forfeiture proceeding; if the government has initiated an administrative forfeiture

14   proceeding then a district court lacks jurisdiction over a Rule 41(g) claim); United States v. U.S.

15   Currency $83,310.78, 851 F.2d 1231, 1234 (9th Cir. 1988) (affirming dismissal where civil

16   forfeiture action was initiated the day after the motion for return of property was filed).

17        Liberally construing plaintiff's Rule 41(g) motion, plaintiff appears to allege a lack of

18   adequate notice for the forfeiture proceeding because it imposed "an unreasonable 30-day

19   deadline to retrieve property retained for over 20 years." (ECF No. 3 at 2.) Because plaintiff could

20   pursue return of his property in the context of that proceeding, however, the exercise of equitable

21   jurisdiction in this case would be inappropriate. See United States v. Woodard, 185 F. App'x 629,

22   630 (9th Cir. 2006) ("As Woodard conceded that he received actual notice of the impending

23   forfeiture of the disputed money, the forfeiture proceedings constituted an adequate legal

24   remedy.");[3] United States v. Ibrahim, No. CR-00-0852 CAS, 2007 WL 9753294, at *4 (C.D. Cal.

25   Mar. 16, 2007) (notice of a forfeiture proceeding which was sufficiently detailed to allow movant

26   to protect his interests by making a claim precluded Rule 41(g) motion for return of property).

27

28   [3] United States v. Woodard, 185 F. App'x 629, is cited for persuasive rather than precedential
     value.

                                                     4

1    **IV.    Order**

2       The complaint must be dismissed. <u>See</u> 28 U.S.C. § 1915(e)(2)(B). Although it appears

3    plaintiff will be unable to state a claim for relief based on the underlying facts, plaintiff is granted

4    leave to amend. <u>See</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant

5    must be given, leave to amend his or her complaint, and some notice of its deficiencies, unless it

6    is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

7    (citation omitted)). If plaintiff files an amended complaint, it should be titled "First Amended

8    Complaint" and must be complete by itself without reference to any prior pleading. <u>See</u> Local

9    Rule 220. Plaintiff is not obligated to file a further amended complaint.

10       In accordance with the above, IT IS ORDERED as follows:

11       1.   Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

12       2.   Plaintiff's motion for return of property (ECF No. 3) is DENIED.

13       3.   Plaintiff's complaint is dismissed with leave to amend.

14       4.   Plaintiff is granted leave to file an amended complaint that complies with the

15            requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice

16            within 30 days from the date of service of this order.

17       5.   Failure to respond to this order will result in a recommendation that this action be

18            dismissed.

19    Dated:  December 29, 2025

20                                            _____
                                             CAROLYN K. DELANEY
21                                           UNITED STATES MAGISTRATE JUDGE

22

23    8, assal25cv2919.scrn

24

25

26

27

28

5