UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIQ ABDUL AS SALAAM,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

No.  2:25-cv-2919-DC-CKD (PS)

FINDINGS & RECOMMENDATIONS

Plaintiff proceeds in forma pauperis and without counsel.[1] Plaintiff's first amended complaint is before the court for screening. The undersigned will recommend the first amended complaint be dismissed without further leave to amend for failure to state a claim.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

---

[1] This action is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

## II.    Plaintiff's Allegations

Defendants in the first amended complaint are unknown FBI agents in their individual capacities. (ECF No. 5 at 1.) On or about August 25, 2005, in Sacramento, California, FBI agents seized without notice plaintiff's personal property including a laptop, camera, electronics, and personal documents. (ECF No. 5 at 2.) Plaintiff's conviction was overturned in 2016, yet defendants continued to retain plaintiff's property. (Id.) In September 2025, plaintiff received a letter giving only 30 days to retrieve property held for over 20 years. (Id. at 1-2.) Plaintiff alleges the notice was constitutionally inadequate. (Id. at 2.)

## III.    Discussion

Although the first amended complaint alleges plaintiff's constitutional claim arises under 42 U.S.C. § 1983, the unknown FBI agent defendants are federal actors whose conduct is not under color of state law as required to bring a claim under § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988); Dist. of Columbia v. Carter, 409 U.S. 418, 424-25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions."). Thus, to the extent the first amended complaint attempts to assert a Fifth Amendment procedural due process violation, it fails under 42 U.S.C. § 1983.

The court also considers whether plaintiff states a due process claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges he was deprived of property without adequate pre-deprivation notice prior to final deprivation, which is an argument that would present a new context for a Bivens suit which has not previously recognized by the Supreme Court. See Egbert v. Boule, 596 U.S. 482, 490-91 (2022). Such claim cannot proceed "if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" Id. at 492 (quoting Ziglar v. Abbasi, 582 U.S. 120, 136 (2017)).

Among such potential "special factors" is the existence of "an alternative remedial structure." Egbert, 596 U.S. at 493. In Egbert, for example, the Supreme Court found applicable Department of Homeland Security regulations allowed any person to file a grievance and required investigation of alleged violations of enforcement standards at issue in the plaintiff's complaint.

2

Id. at 497. If a statutory procedure offers an alternative remedy to a Bivens claim, it precludes the extension of Bivens into a new context. Id.

Relevant here, a person deprived of property without adequate pre-deprivation notice by an individual federal actor with the Department of Justice can report the deprivation to the Department of Justice Inspector General, who may then investigate the allegations or refer them for investigation. See 5 U.S.C. § 413(b)(2), (d); Jackson v. McNeil, No. 20-35991, 2023 WL 3092302, at *1 (9th Cir. Apr. 26, 2023) (finding the Department of Justice has an "alternative remedial structure" for deprivation of property without adequate pre-deprivation notice and declining to extend Bivens to an alleged Fifth Amendment procedural due process violation). The essence of the matter is "whether there is any reason to think that Congress might be better equipped to create a damages remedy." Egbert, 596 U.S. at 492. That is the case here, as the existence of an alternative remedial structure for deprivation of property without adequate notice by federal actors with the Department of Justice counsels against finding a new Bivens context.

The Supreme Court has repeatedly rejected extending Bivens to due process violations. See Ziglar, 582 U.S. 120; Davis v. Passman, 442 U.S. 228, 229 (1979); Schweiker v. Chilicky, 487 U.S. 412, 414 (1988); Wilkie v. Robbins, 551 U.S. 537, 547-48 (2007). The Ninth Circuit has also rejected extending Bivens a Fifth Amendment due process claim. See Harper v. Nedd, 71 F.4th 1181, 1187 (9th Cir. 2023). The general reasoning of these cases applies here. Congress is better suited to determine the appropriate remedies for alleged deprivation of property by individual federal actors. See Jackson v. McNeil, No. 20-35991, 2023 WL 3092302, at *1. This court should not extend Bivens, and plaintiff has no procedural due process claim against the individual unknown FBI agents.

Even if there were some statute or other vehicle allowing plaintiff to bring a procedural due process claim in this context, this claim would still be dismissed because plaintiff would have to show he was (1) deprived of a constitutionally protected liberty or property interest, and (2) denied adequate procedural protections. See Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff concedes he received notice and 30 days to retrieve his property. His labeling of that notice as constitutionally inadequate does not suffice to allege a denial of constitutionally

3

adequate procedural protections. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) ("naked assertions" and "labels and conclusions" do not suffice to state a claim)

### IV.    Conclusion and Recommendation

For the reasons set forth above, plaintiff fails to state a procedural due process claim against the individual unknown FBI agents named in the first amended complaint. As discussed in screening plaintiff's original complaint, plaintiff also has no cause of action under Bivens against the FBI itself, no claim under the Federal Tort Claims Act, and no claim for equitable relief under Rule 41(g) of the Federal Rules of Criminal Procedure. (See ECF No. 4.)

It now clearly appears granting further leave to amend would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments). The first amended complaint should be dismissed without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility).

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 12, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, assa25cv2919.scrn.fac.fr

4